## Liquor Licenses for Places of Amusement

MARGIOTTI, Attorney General, August 28, 1936. — I have your request for advice as to the propriety of issuing a restaurant license to an individual who operates the restaurant part of an establishment engaged principally in providing amusement to the public. You state that the particular establishment involved is of a very

high type, doing business as a pool and billiard parlor as well as a bowling alley and catering to the best class of people who are interested in these activities, and that the applicant for a liquor license is a lessee who rents the restaurant part of the establishment from operators of the recreation parlor.

The Act of July 9, 1881, P. L. 162, sec. 1, provides as follows:

"That no license for the sale of vinous, spiritous, malt or brewed liquors, or any admixtures thereof, in any quantity, shall be granted to the proprietors, lessees, keepers or managers of any theaters, circus, museum or other place of amusement, nor shall any house be licensed for the sale of such liquors, or any of them, or any admixtures thereof, which has passage or communication to or with any theater, circus, museum or other place of amusement; and any license granted contrary to this act shall be null and void."

This act prohibits the granting of a liquor license to any person operating any establishment whose principal business consists in providing amusements.

The effect of this act and its construction was recently passed upon in Shibe's Case, 117 Pa. Superior Ct. 7 (1935), in which it was held that the Act of 1881, supra, was not repealed by the Liquor Control Act of November 29, 1933, P. L. 15, and is still in force.

The court, in concluding that the act prohibits the issuance of liquor licenses to places of amusement, states, at page 14:

"To hold otherwise would open the door to the granting of licenses to every theater, moving picture show, skating rink, stadium, baseball park, and other place of amusement, which undertook to operate a so-called 'eating place' in connection therewith."

Inasmuch as the business of providing amusement is the principal business conducted on the premises referred to in your inquiry, it is necessary to ascertain whether

or not there is any communication or connection between the place of amusement and the establishment for which the license is applied for. In other words, a place of amusement and a bona fide "eating place" could be maintained upon the same premises, as long as there was no passageway or means of communication between the two places. If such a passage or communication does exist, then under the Act of 1881, supra, no liquor license can be granted. The place of amusement and the eating place must be separate, distinct and entirely unrelated in any manner whatsoever.

Under the Liquor Control Act of 1933 restaurant licenses may be granted only to reputable bona fide "eating places" where food is regularly and customarily prepared and sold. This requires that the business of supplying food must be the principal business of the applicant. If his principal business consists of providing amusement, then he is not entitled to a license. A reputable "eating place" may provide amusement for its patrons and in so doing would not lose its rights to a license. This is obvious from the provisions of the Liquor Control Act of 1933, which provide for amusement permits. However, as before stated, the amusement must be incidental and not the principal business of the lessee.

To summarize, you are advised that an establishment whose principal business consists of providing amusement to the public is not entitled to a retail liquor license; that such a license may not be granted to a restaurant or "eating place" upon the same premises where such amusement is conducted where there is a passage or communication between the place of amusement and the "eating place"; and that a restaurant may be entitled to receive a license even though a place of amusement is maintained upon the same premises, provided that there is no passage or communication between the two establishments, and that the same are entirely independent of each other. Retail licenses may be granted to bona fide "eating places"

whose principal business consists in supplying food to the public even though an amusement may be maintained incidentally therewith.